**FREDERICK W. MORGAN, Plaintiff**

**v.**

**AMERICAN SAMOA GOVERNMENT, A.P. LUTALI, E. FALEOMAVAEGA, AND FRED MAMEA, Defendants**

High Court of American Samoa
Trial Division

CA No. 82-93

September 27, 1993

Before KRUSE, Chief Justice, and TAUANU'U, Chief Associate Judge.

Counsel: Plaintiff, Pro Se
 For Defendants, Cherie Shelton Norman,
 Assistant Attorney General

On Motion to Dismiss:

This matter first came on for hearing on September 17, 1993, upon motion to dismiss filed by the defendants, American Samoa Government, A.P. Lutali, and Fred Mamea. At the hearing, plaintiff cited extensively to a number of different sources, and it appearing to the court that plaintiff was reading from a prepared text, the court invited him to file his written argument. The matter was then continued for one week.

Defendants argue that "[p]laintiff has failed to adequately plead facts sufficient to show precisely which legal rights and duties are allegedly involved and how those legal issues establish an actual controversy." Defendants' Memorandum of Law in Support of Motion to Dismiss, at 2.

This argument harks back to the era of code pleading, when a party was invariably required to supply, *inter alia*, his version of the "facts constituting a cause of action." However, all that the Trial Court's Rules of Civil Procedure require is "a short and plain statement that the pleader is entitled to relief." T.C.R.C.P. 8(a)(1). Additionally, the rules have done away with "technical forms of pleading," and pleadings are to be construed liberally so "as to do substantial justice." T.C.R.C.P. 8(e)(1), 8(f). In the case of a *pro se* plaintiff not learned in the law, his pleadings "should be construed to state a cause of action . . . unless the Court can say with assurance that it appears beyond doubt that the litigant can prove no set of facts in support of his claim which would entitle him to relief." *Ilalio v. Development Bank of American Samoa*, 5 A.S.R.2d 110, 116 (1987) (internal citations omitted).

Although inartistically stated, plaintiff's complaint alleges, *inter alia*, a discriminatory hiring practice by the American Samoa

Government, which plaintiff claims violated his constitutional rights. Whether plaintiff can prove that is another matter, but we are unable to say beyond a doubt that plaintiff can prove no set of facts in support of his claim.

As noted, the merits of plaintiff's claim is not to be tested on whether his pleadings sufficiently detail "facts constituting a cause of action." Under the rules, those facts are to be sought through discovery and deposition processes. Similarly, the issues may be delimited through discovery and other pretrial techniques, including the summary disposition of any meritless claims through the partial summary-judgment device provided under T.C.R.C.P. 56(b). For reasons given, defendants' motion to dismiss is, therefore, denied.

It is so ordered.